SUE A. GALLAGHER, City Attorney (SBN 121469)
ROBERT L. JACKSON, Assistant City Attorney (SBN 101770)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404
Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorney for Defendants City of Santa Rosa
and Santa Rosa Police Department

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - San Francisco Division

| | |
|---|---|
| MARQUS MARTINEZ and MICHAELA STAGGS, on behalf of themselves and other similarly situated individuals,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SANTA ROSA and RAINER "RAY" NAVARRO,<br><br>    Defendants.<br>_____ / | Case No. CV 20-4135<br><br>**CITY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR RELIEF**<br><br>Date: August 13, 2020<br>Time: 10:00 a.m.<br>Ctrm: 4, 17th Floor<br>Judge: The Hon. Vince Chhabria |

## INTRODUCTION

Plaintiffs belatedly seek leave of court to file a supplemental brief in support of their motion for a preliminary injunction . They do so less than forty-eight hours before the hearing now set for Thursday, August 13 and ***twelve days after the depositions***, upon which they justify their need for further argument, were concluded.

The "supplement" they propose to file is not merely page line references to deposition testimony to "add to the record", but wholesale argument premised on select answers, some subject to pending evidentiary objections, and many of which are distortions of what the witnesses testified or what they would have testified had plaintiffs' counsel used the depositions to gather all the facts, rather than attempt to elicit what they hope might be damaging

admissions.

This motion is brought at this late hour by design. If granted, it will effectively deny defendants the time to correct the half-truths presented and provide the Court with the "other side of the story" so that the Court has benefit of all the facts.

## DISCUSSION

**A.    Plaintiffs chose this expedited schedule; they rejected defendants' proposal which would have given them more time.**

Over a month ago, on Thursday July 9, defendants proposed to plaintiffs' counsel that the hearing on the preliminary injunction be continued to the same date as the initial Case Management Conference on September 23. This seemed an efficient use of the Court's time, would enable the parties to exchange initial disclosures, and would allow the parties to each conduct discovery so as to be able to include discovered evidence in their opposition and reply briefs.

At the time, defendants' opposition to the motion was due the following Monday, July 13. Knowing defendants were faced with an imminent filing deadline, Plaintiffs' counsel rejected postponing the hearing, choosing instead to adhere to a rapid briefing schedule. Defendants then filed their opposition on Monday, July 13.

**B.    Defendants have endeavored to provide expedited discovery responses.**

On July 16 plaintiffs served defendants with interrogatories and document demands for body worn camera video. The parties were then under the impression (from an erroneous clerk minute entry) that the hearing on the preliminary injunction would take place on Tuesday, August 4 and agreed that written discovery would be exchanged on Thursday July 30.

On Wednesday July 29 defendants e-mailed answers to interrogatories and produced body worn camera footage from 13 officers taken when Ms. Staggs was injured and from 13 officers taken when Mr. Martinez was injured. As a courtesy, we provided such written discovery and body worn camera videos the day prior to the depositions( though responses were not technically due until the day of the depositions) so that plaintiffs' counsel might have an opportunity to review them in preparation for depositions of the witnesses.

The depositions on which this motion is premised were scheduled on very short notice. Plaintiffs' counsel initially wished to depose only the Chief of Police. We provided dates of July 20 and July 24 for the Chief's deposition, but on July 15 counsel changed his mind and elected to depose some of the officers whose declarations were filed with our opposition. On July 21 the defense responded that the witnesses were generally available any time and plaintiffs' counsel advised he wished to schedule them on July 30. The depositions took an entire day from 8:30 to 4:00 and, because the court reporter was fatigued, the deposition of Officer Vercelli, the PMK regarding Mr. Martinez injury, was never commenced.[1]

It should be noted that plaintiffs did not comply with the defendants' discovery request, choosing to rest on an objection of relevancy. To this date, no answers have been provided to defendants' interrogatories.

**C.  Plaintiffs seek more than to merely supplement the factual record; they seek a second opportunity to argue.**

Briefing schedules are set for a reason. Deadlines are imposed so that parties, hoping to have the "last word", don't use "supplemental" briefs as a means to further argue their position. That is why an opponent to the motion is given one crack and why, the moving party, whose burden it is, is given one chance at a reply. That is why, with very limited exceptions, Local Rule 7.3(d) explicitly bars "supplementary material" after a reply is filed.

Here, plaintiffs do not simply wish to file deposition excerpts; they wish to further argue the merits of the motion. Were they to simply offer page line references to deposition excerpts attached as an exhibit, that would be one thing. But, they are attempting to use the depositions as a means to revisit and bolster arguments previously made.

**D.  Objections are pending and must be ruled upon before such evidence may be considered.**

Included in what plaintiffs hope to submit are 22 answers to questions to which

---

[1] Plaintiffs make a great deal of the fact that defendants were unable at this very early date to identify a PMK regarding the injuries Ms. Staggs suffered. As counsel well knows, having been provided 13 body worn camera videos taken at the time Ms. Staggs was injured, it is difficult if not impossible to discern Ms. Staggs and determine which SRPD officer would be most knowledgeable about the circumstances surrounding her injury. That investigation continues.

objections are pending. Defendants respectfully request that, should the Court entertain consideration of supplemental deposition testimony, it first rule on the objections pending, as plaintiffs' counsel chose not to rephrase in response to such objections.

**E.      Defendants should be afforded an opportunity to respond.**

If the Court is inclined to permit admission of additional evidence with argument, due process and fairness require that the defendants be permitted to (1) counter the arguments plaintiffs now present, (2) marshal evidence such as supplemental declarations to address what defendants contend are distortions and half truths in plaintiffs' supplemental filing, and (3) provide additional evidence that has come to light during the defendants' investigation that defendants did not have benefit of when their opposition was filed on July 13.

**CONCLUSION**

Defendants respectfully request this motion be denied and plaintiffs not be permitted to "end run" Local Rule 7.3(d) to bolster arguments previously made. Plaintiffs had an opportunity to have "the last word" when they filed their Reply brief; they should not be given a second bite at the apple.


DATED:  August 11, 2020                          Respectfully submitted,


                                                 /s/
                                                 _____
                                                 ROBERT L. JACKSON
                                                 Assistant City Attorney
                                                 Attorney for Defendants
                                                 City of Santa Rosa and Rainer "Ray" Navarro