UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUS MARTINEZ, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF SANTA ROSA, et al.,<br><br>　　　　　　Defendants. | Case No.  20-cv-04135-VC<br><br>**ORDER DENYING MOTION FOR<br>PRELIMINARY INJUNCTION** |

During the Black Lives Matter protests, officers from the Santa Rosa Police Department used tear gas and projectiles on the protestors on at least two nights. The plaintiffs, Marqus Martinez and Michaela Staggs, were seriously injured. They brought a proposed class action on behalf of themselves and other Santa Rosa protestors, claiming: (i) the police violated the Fourth Amendment by using excessive force; and (ii) the police violated the First Amendment because the purpose of the force was to retaliate against the protestors for engaging in constitutionally protected activity and based on the content of their message about racism and police brutality. The plaintiffs moved for a preliminary injunction that would prevent the Santa Rosa Police Department from engaging in similar conduct while the litigation is pending. Although the evidence presented in connection with the preliminary injunction motion is murky, some of it suggests that the police may have violated the plaintiffs' Fourth Amendment rights (and perhaps even their First Amendment rights). But the motion must be denied because it fails to address at least one critical issue on which the plaintiffs have the burden of proof.

A preliminary injunction is an extraordinary remedy. To obtain one, the plaintiffs must show that they are likely to succeed on the merits of their claims, that they are likely to suffer

irreparable harm absent a preliminary injunction, that the hardship they would suffer absent an injunction outweighs the hardship Santa Rosa would suffer from entry of an injunction, and that an injunction would be in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). If the plaintiffs make a particularly strong showing on the balance of hardships, the requirement to demonstrate a likelihood of success on the merits is relaxed, and they need only show that they have raised serious questions going to the merits of their claims. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In this case, analyzing the plaintiffs' likelihood of success is somewhat complicated. As an initial matter, the plaintiffs must show that the officers' conduct during the evenings in question likely violated their Fourth or First Amendment rights. But that's not all. The plaintiffs have sued Santa Rosa, seeking to hold the City liable for the conduct of the officers. To ultimately hold a municipality liable for the unconstitutional conduct of its employees, a plaintiff must do more than simply demonstrate constitutional violations. Under *Monell*, a plaintiff must also show that the employees were acting pursuant to a policy or custom of the municipality. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986); *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988). This requirement does not merely apply to efforts by plaintiffs to recover damages from a municipality for employee wrongdoing; it also applies to any effort to seek an injunction against the municipality. *Los Angeles County v. Humphries*, 562 U.S. 29 (2010).

Therefore, to obtain a preliminary injunction against the City at the outset of the case, the plaintiffs must also demonstrate a likelihood of success on their contention that the officers were acting pursuant to an official municipal policy. *Swain v. Junior*, 961 F.3d 1276, 1291-92 (11th Cir. 2020). As applied to the Fourth Amendment claim, the plaintiffs must show that the officers' decision to fire tear gas and projectiles into the crowd was likely not a one-off mistake of misguided officers but rather was likely made pursuant to Santa Rosa policy or custom. And as applied to the First Amendment claim, the plaintiffs must demonstrate a likelihood that Santa Rosa itself had a policy or custom of retaliating against protestors for engaging in

constitutionally protected activity, not just that a few individual officers failed to comply with their duty to respect freedom of speech no matter the message.

In response to police conduct during the Black Lives Matter protests, several district courts have entered temporary restraining orders or preliminary injunctions against local police departments without discussing this municipal liability issue. *Black Lives Matter Seattle-King County. v. City of Seattle, Seattle Police Dep't*, No. 2:20-CV-00887-RAJ, 2020 WL 3128299 (W.D. Wash. June 12, 2020); *Don't Shoot Portland v. City of Portland*, No. 3:20-CV-00917-HZ, 2020 WL 3078329 (D. Or. June 9, 2020); *Abay v. City of Denver*, No. 20-CV-01616-RBJ, 2020 WL 3034161 (D. Colo. June 5, 2020). Perhaps in those cases both sides agreed that the conduct of the officers was pursuant to a municipal policy or custom. Perhaps the plaintiffs argued the point, and the defendants failed to contest it. Perhaps it was obvious that the decisions made represented official policy. Or perhaps the rushed nature of the proceedings led to error in not holding the plaintiffs to their burden on that issue. Regardless, the plaintiffs in this case have not even attempted to show a likelihood of success on municipal liability, and the meager evidence in the record barely speaks to this issue.[1]

Accordingly, the motion for a preliminary injunction is denied. Denial is without prejudice to filing a renewed motion if the plaintiffs can support their claim for municipal liability. But as discussed at the hearing, if the plaintiffs wish to file a renewed motion, they should also consider whether they must seek provisional class certification in connection with their request for a preliminary injunction to benefit the entire class. *See, e.g.*, *National Center for Immigrants Rights, Inc. v. I.N.S.*, 743 F.2d 1365, 1371-72 (9th Cir. 1984); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1201-05 (N.D. Cal. 2017), *affirmed as Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

---

[1] The plaintiffs also make fleeting reference to the City's failure to train its officers, which can also sometimes give rise to municipal liability. But this type of claim requires a showing that the City was deliberately indifferent to the rights of people with whom police officers will come into contact. *See, e.g.*, *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). The plaintiffs allege that the City has failed to train its police officers in the use of tear gas and projectiles, but they make no real attempt to show deliberate indifference.

**IT IS SO ORDERED.**

Dated: August 27, 2020

_____
VINCE CHHABRIA
United States District Judge