| | |
|---|---|
| Izaak D. Schwaiger, SBN 267888<br>**SCHWAIGER LAW FIRM**<br>130 Petaluma Avenue, Suite 1A<br>Sebastopol, CA 95472<br>Telephone (707) 595-4414<br>Facsimile: (707) 581-1983<br>E-mail: izaak@izaakschwaiger.com<br><br>John Houston Scott, SBN 72578<br>**SCOTT LAW FIRM**<br>1388 Sutter Street, Suite 715<br>San Francisco, CA 94109<br>Telephone: (415) 561-9601<br>Facsimile: (415) 561-9609<br>john@scottlawfirm.net<br><br>Attorneys for the Plaintiffs MARQUS MARTINEZ<br>MICHAELA STAGGS, JACOB BECKMAN,<br>DANI BURLISON, and KIMBERLY BARBOSA SOIERO | Sue A. Gallagher, City Attorney, SBN 121469<br>Robert L. Jackson, Asst. City Attorney, SBN 101770<br>**CITY ATTORNEY'S OFFICE FOR CITY**<br>    **OF SANTA ROSA**<br>100 Santa Rosa Avenue, Room 8<br>Santa Rosa, CA 95404<br>Telephone: (707) 543-3040<br>Facsimile: (707) 543-3055<br>E-mail: rjackson@srcity.org<br><br>Attorneys for Defendants CITY OF SANTA ROSA<br>and RAINER "RAY" NAVARRO |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUS MARTINEZ, MICHAELA STAGGS, JACOB BECKMAN, DANI BURLISON, and KIMBERLY BARBOSA SOIERO On behalf of themselves and other similarly situated individuals,<br><br>        Plaintiffs,<br><br>        v.<br><br>CITY OF SANTA ROSA and RAINER "RAY" NAVARRO,<br><br>        Defendants. | Case No. 3:20-cv-04135-VC<br><br>**JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:     November 10, 2020<br>Time:    2:00 p.m.<br>Courtroom: 4, 17th Floor, 450 Golden Gate<br>                Avenue, San Francisco, CA<br>Judge:   The Honorable Vince Chhabria |

The parties previously submitted a Joint Rule 26 Case Management Statement on September 18, 2020. See Exhibit A attached and incorporated herein by reference. The parties continue to request the proposed litigation schedule set forth in the previous Joint Statement.

On October 22, 2020 a hearing was held, via Zoom, regarding Defendants' motion to dismiss plaintiffs' First Amended Complaint. The parties await the court's order to determine its impact on claims subject to the motion.

Since that hearing the plaintiffs have decided to abandon their request for class-based relief in terms of potential remedies that may exist subject to a class being certified by the court.

In addition, the parties have agreed to exchange Initial Disclosures on or before November 24, 2020.

Dated: November 3, 2020    **SCOTT LAW FIRM**

By:  /s/ *John Houston Scott*
     John Houston Scott
     Attorneys for Plaintiffs MARQUS
     MARTINEZ, MICHAELA STAGGS,
     JACOB BECKMAN, DANI
     BURLISON, and KIMBERLY
     BARBOSA SOIERO

Dated: November 3, 2020    **LAW OFFICES OF IZAAK D. SCHWAIGER**

By:  /s/ *Izaak D. Schwaiger*
     Izaak D. Schwaiger
     Attorneys for Plaintiffs MARQUS
     MARTINEZ, MICHAELA STAGGS,
     JACOB BECKMAN, DANI BURLISON,
     and KIMBERLY BARBOSA SOIERO

| | | |
|---|---|---|
| Dated: November 3, 2020 | | **CITY ATTORNEY'S OFFICE**<br>**FOR THE CITY OF SANTA ROSA** |
| | By: | /s/ *Robert L. Jackson*<br>Robert L. Jackson<br>Attorneys for Defendants<br>CITY OF SANTA ROSA and<br>RAINER "RAY" NAVARRO |

**ATTORNEY ATTESTATION**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a conformed signature ("/s/") within this E-filed document or have been authorized by defendants' counsel to show their signature on this Joint Supplemental Case Management Statement as /s/.

| | | |
|---|---|---|
| Dated: November 3, 2020 | By: | /s/ *John Houston Scott*<br>John Houston Scott |

**Exhibit A**

SUE A. GALLAGHER, City Attorney (SBN 121469)
ROBERT L. JACKSON, Assistant City Attorney (SBN101770)
City of Santa Rosa
100 Santa Rosa Avenue, Rm. 8
Santa Rosa, California 95404
Telephone: (707) 543-3040
Fax: (707) 543-3055

Attorneys for Defendants City of Santa Rosa
and Rainer "Ray" Navarro

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORIA – San Francisco Division

| | |
|---|---|
| MARQUS MARTINEZ and MICHAELA STAGGS, JACOB BECKMAN, DANI BURLSON, and KIMBERLY BARBOSA SOIERO on behalf of themselves and other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA and RAINER "RAY" NAVARRO,<br><br>Defendants. | CASE NO.: CV 20-04135<br><br>**JOINT RULE 26 CASE MANAGEMENT STATEMENT**<br><br>**[42 U.S.C. SECTION 1983 ]**<br><br><br>Date: September 29, 2020<br>Time: 2:00 p.m.,<br>Dept., Via Zoom<br><br>The Honorable Vince Chhabria |

The parties to the above-entitled action submit this JOINT RULE 26 CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018; and Northern District Civil Local Rule 16-9.

**1. Jurisdiction and Service:**

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as plaintiff's claims arise under 42 U.S.C. § 1983. Venue is appropriate in this District under 28 U.S.C. § 1391(b), because the events alleged in the complaint took place in this district. All defendants have made an appearance.

Joint Rule 26 Case Management Statement       1

**2.     Facts:**

    a.     **Plaintiff's Statement**:

        Pertinent facts are set forth in the First Amended Complaint. (Doc. 51, p.5 line 22 to p.14, line 13)

    b.     **Defendants' Statement**:

        Pertinent facts are set forth in Defendants' Opposition to the Plaintiffs' Motion for a Preliminary Injunction. (Doc. 14, p.5 line 14 to p.18, line 8)

    c.     **Factual Disputes**:

        **According to Plaintiffs**

        Whether the City has a history of responding with unnecessary force and intimidation against demonstrators peacefully protesting police misconduct;

        Whether the City and/or Chief Navarro has failed to train and/or has inadequately trained Santa Rosa police officers in the use of chemical agents and less-lethal projectiles.

        **According to Defendants**

        Whether plaintiffs were engaged in "peaceful protests" at the time of their injuries?

        Whether defendants had good cause to declare the assembly unlawful and order disbursement?

        Whether the plaintiffs assumed the risk of injury in remaining at the scene after the assembly was declared unlawful?

**3.     Legal Issues in Dispute:**

    a.     **According to Plaintiffs**:

        1.     Whether the defendants (including DOE defendants not yet identified) caused plaintiffs to be deprived of their rights under the First Amendment;

        2.     Whether the defendants (including DOE defendants not yet identified) caused plaintiffs to be deprived of their rights under the Fourth Amendment;

        3.     Whether the plaintiffs are entitled to injunctive relief, including the issuance of a preliminary injunction;

        4.     Whether the individual defendants (including DOE defendants not yet

identified) are entitled to qualified immunity;

    5. Whether the City's and Chief Navarro's failure to train and supervise their employees and agents caused the unlawful use of excessive force against plaintiffs; and

    6. Whether the City's and Chief Navarro's failure to train and supervise their employees and agents caused the deprivation of plaintiffs' First Amendment rights.

    **b.   According to City Defendants**:

    1. Are the actions of the police officers subject to qualified immunity under *Kisela v. Hughes*, 138 S.Ct. 1148 (2018)?

    2. Did Santa Rosa Police officers use excessive force under *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865 (1989)?

    3. Did the City of Santa Rosa and the Santa Rosa Police Department have an official policy or custom, or did it engage in the acceptance of a widespread practice of exercise of excessive force and/or deterrence of free speech through use of tear gas and less-lethal weapons such that the City or the Police Department are liable under *Monell v. Dept. of Soc. Services*, 436 U.S. 658 (1978)?

    4. Does the Santa Rosa Police Chief Rainer Navarro have supervisory liability for the acts of Santa Rosa Police officers?

**4.   Motions:**

On September 14, 2020, Defendants City of Santa Rosa, Santa Rosa Police Department and the Chief of Police for the Santa Rosa Police Department, Rainer Navarro, filed a Motion to Dismiss per Rule 12(b)(6). A hearing is now set for October 22, 2020.

Defendants will move for summary judgment and summary adjudication on grounds of qualified immunity under *Kisela v. Hughes*, 138 S.Ct. 1148 (2018) upon completion of necessary discovery.

Plaintiffs may move for partial summary judgment.

**5.   Amendment of Pleadings:**

Plaintiffs filed a First Amended Complaint on September 3, 2020. Plaintiffs intend to amend the First Amended Complaint to substitute named individuals for "Doe" defendants as their

identities are learned. Plaintiffs anticipate the possibility of further plaintiffs joining this action, or alternatively filing a related lawsuit.

**6.     Disclosures:**

The parties shall exchange Initial Disclosures on or before October 13, 2020 and expert disclosures on December 14, 2021.

**7.     Evidence Preservation:**

The parties are taking appropriate measures to preserve any and all documents or evidence, including information stored in a recorded or electronic format, which are relevant to the issues in this lawsuit.

**8.     Discovery:**

Plaintiffs have completed the depositions of Lt. Dan Marincik, Sgt. Michael Clark, Sgt. Chris Mahurin and have noticed, but not undertaken, the deposition of Officer Nick Vercelli. Plaintiffs intend to take depositions of other officers as their identity is discovered. Plaintiffs also intend to serve demands for production of documents.

Defendants have served contention interrogatories and requests for production of documents bearing on the plaintiffs' *Monell* claims, to which plaintiffs have not thus far responded. Defendants intend to serve additional interrogatories, document demands, requests for admission, and to notice the plaintiffs' depositions and that of other possible witnesses.

At this time, the parties do not propose any change to the limitations on discovery provided by the Federal Rules of Civil Procedure or the local rules of this District.

**9.     Class Actions:**

Defendants prefer to litigate motions for summary judgment on liability with respect to the named plaintiffs before litigating the issue of class certification.

Plaintiffs intend to move to certify a provisional class for injunctive relief before December 1, 2020, and reserve the right to move to certify a class for damages after motions for summary judgment have been decided.

Counsel for the parties have reviewed the Procedural Guidance for Class Action Settlements.

**10. Related Cases:**

    **a.**     **Defendants' statement:**

Thus far, there are no related cases; however, defendant City of Santa Rosa has received an additional claim arising out of the riots following the George Floyd protests and expects that an action will be filed in the Northern District.

    **b.**     **Plaintiffs' statement:**

Since the filing of the First Amended Complaint, plaintiffs' counsel has been contacted by more prospective plaintiffs who appear to have viable claims against these defendants arising out of the peaceful protests following George Floyd's murder. Plaintiffs anticipate either filing a further amended complaint or filing a related case to this action.

**11. Relief:**

Plaintiffs seek injunctive relief, compensatory, general, statutory, punitive damages and attorney's fees.

Defendants seek a dismissal and recovery of costs.

**12. Settlement and ADR:**

The parties request referral to a magistrate judge for settlement.

**13. Consent to Magistrate Judge for All Purposes:**

Defendants have declined assignment to a magistrate.

**14. Other References:**

The parties agree that the case is not suitable for reference to binding arbitration, a special master, or the judicial panel on multi district litigation.

**15. Narrowing of Issues:**

The parties agree that the issues in this case cannot be further narrowed at this time.

**16. Expedited Trial Procedure:**

The parties agree that this case is not amenable to be handled on an expedited basis.

**17. Proposed Litigation Schedule:**

    3/1/2021    Last Day to Amend Pleadings:

    3/29/2021    Last Day to Complete ADR

| | | |
|---|---|---|
| 1 | 10/7/2021 | Discovery Cutoff |
| 2 | 12/2/2021 | Last Day for Hearing on Dispositive Motions |
| 3 | 12/14/2021 | Expert Disclosure |
| 4 | 2/14/2022 | Expert Discovery Cutoff |
| 5 | 2/28/2022 | Pre-trial Conference |
| 6 | 3/14/2022 | Trial |

**18.    Trial:**

Both parties have requested a jury trial in this matter. The parties are unable to estimate a trial length at this time.

**19.    Disclosure of Non-Party Interested Entities of Persons:**

The parties believe that this is not applicable at this time.

**20.    Professional Conduct:**

All attorneys have reviewed the Guidelines for Professional Conduct of the Northern District of California.

**21.    Other Matters:**

The parties agree that there is nothing at this time.


DATED: September 18, 2020        /s/ *Izaak Schwaiger*
_____
IZAAK SCHWAIGER
Attorney for Plaintiffs

DATED: September 18, 2020        /s/ *Robert L. Jackson*
_____
ROBERT L. JACKSON
Assistant City Attorney
Attorney for Defendants

**ELECTRONIC CASE FILING ATTESTATION**

I, Robert L. Jackson the ECF User whose identification and password are being used to file this proof of service, hereby attest pursuant to Civil Local Rule 5-1(i) that the concurrence in the filing of this document has been obtained from its signatories.

DATED: September 18, 2020              /s/ *Robert L. Jackson*
                                       ─────────────────────────
                                       ROBERT L. JACKSON
                                       Assistant City Attorney
                                       Attorney for Defendants